IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06cr062-WHA |
| ) | |
| MICHAEL ANTHONY SHEFFIELD ) | |

UNITED STATES' RESPONSE TO SHOW CAUSE
ORDER DATED JULY 20, 2006, DOC. #16

Comes now, the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and in response to this Court's Order, dated July 21, 2006, (Doc. #16), submits the following:

Procedural Background

On March 1, 2006, Michael Anthony Sheffield was charged in a three-count indictment with the following: Count 1, knowingly possessing firearms having been previously convicted of a felony punishable by a term in excess of one year, in violation of 18 U.S.C. § 922(g)(1); Count 2, knowingly transporting stolen firearms in interstate commerce knowing and having reasonable cause to know that the firearms were stolen, in violation of 18 U.S.C. § 922(i); and Count 3, knowingly possessing a firearm that had been shipped or transported in interstate commerce knowing and having reasonable cause to believe the firearms were stolen.

On June 28, the defendant appeared before United States Magistrate Judge Susan Russ Walker for an initial appearance and arraignment. Pursuant to the Standing Order on Criminal Discovery, the government provided discovery to the defense which consisted of 138 pages. (Doc. 9, dated June 28, 2006). Inclusive in the discovery was a signed waiver of rights form (bates stamped #57) and a ten-page transcript of a taped statement made by the defendant on

November 2, 2004 (bates stamped 58 - 67).  In addition, the discovery contained an Alabama Incident/Offense Report (bates stamped 55), a Montgomery Police Department supplementary Offense Report (bates stamped 58), and a memorandum from Officer Kevin D. Palmer addressed to Sgt. R.L. Wallace summarizing his stop of the defendant (bates stamped 68 - 69).  The discovery also included a telephonic interview of Officer Kevin Palmer (bates stamped 135 - 136) and Officer Leonard K. Pelham (bates stamped 137 - 138).

The Order on Arraignment (Doc. 10, filed June 30, 2006), stated that "All pretrial motions under Fed.R.Crim.P. 12(b) and (d), 14 and 16, . . . and any motions to compel pursuant to this court's standing order on discovery must be filed no later than **July 12, 2006**." (Doc. 10, p. 2).  The arraignment order further states that "No attorney shall file a discovery motion without first conferring with opposing counsel, and no motion will be considered by the court unless it is accompanied by a certification of such conference and a statement of the moving party's good faith efforts to resolve the subject matter of the motion by agreement with opposing counsel." (Doc. 10, p. 6).

On July 17, 2006,[1] during the pretrial conference, defense counsel notified the court that she intended to file a motion to suppress.  Further, defense counsel states that she had actually written the motion to suppress, but did not file it because she wanted to listen to the tape and to speak with the officers in question to clarify questions she had regarding the probable cause for the stop.  Government counsel was told to provide defense counsel with the addresses of Officers Pelham and Palmer by the close of business on July 18, 2006.  The government provided the only addresses known to the government by facsimile and also mailed a hard copy of the same on July

---

[1] The correct date of the pretrial conference was July 17, 2006, not January 17, 2006.

18, 2006.

Show Cause Argument

      Government counsel provided defense counsel with all of the discovery in the government's possession at arraignment. Pursuant to the standing order on criminal discovery, defense counsel did not attempt to resolve any questions she may have had regarding the actual tape recording. The fact that the tape is no longer available would have become known to defense counsel in ample time to timely file the motion to suppress. By her own acknowledgment, defense counsel stated that she had already written the motion to suppress. Certainly, if defense counsel had sufficient information upon which to question the probable cause for the stop and to write a motion to suppress, the motion should have been filed.

      However, in the interest of justice and fairness to the defendant, the government cannot object to this Court accepting the defendant's motion to suppress out of time.

      Respectfully submitted on this 24th day of July 2006.

      LEURA G. CANARY
      UNITED STATES ATTORNEY

      /s/Tommie Brown Hardwick
      TOMMIE BROWN HARDWICK
      One Court Square, Suite 201
      Montgomery, AL 36104
      Phone: (334)223-7280
      Fax: (334)223-7135
      E-mail: tommie.hardwick@usdoj.gov
      ASB4152 W86T

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr62-WHA |
| | ) | |
| MICHAEL ANTHONY SHEFFIELD | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to: Jennifer Hart, Esquire.

Respectfully submitted,

/s/Tommie Brown Hardwick
TOMMIE BROWN HARDWICK
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: tommie.hardwick@usdoj.gov
ASB4152 W86T